UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NOEL CASTRO,

    Plaintiff,

v.                                        Case No. 2:25-cv-990-KCD-DNF

TRANSPORT DIVISION OF LEE
COUNTY JAIL,

    Defendant.
_____/

## ORDER OF DISMISSAL

On November 6, 2025, the Court dismissed Plaintiff Noel Castro's *pro se* civil rights complaint as a shotgun pleading and for failing to state a claim on which relief could be granted. (Doc. 4.) Castro was directed to file an amended complaint if he wished to proceed. (*Id.*) Castro's amended complaint (Doc. 5.) is before the Court for screening.[1]

After review, the Court once again dismisses the amended complaint as a shotgun pleading and for failing state a claim on which relief may be granted.

### I. Pleading History and Amended Complaint

Castro is a pretrial detainee at the Lee County Jail. In his first complaint, he generally alleged that his Fourteenth Amendment rights were violated while "being transported." (Doc. 1 at 4.) He alleged that he is insulin

---

[1] A plaintiff who seeks to proceed in forma pauperis will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This procedure requires the Court to dismiss a civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

dependent and his sugar was not stable enough for travel. (*Id.*) He asserted that he did not have his medication during transport and his neuropathy had worsened. (*Id.*) He sought monetary damages. (*Id.* at 7.)

The Court dismissed the complaint as a shotgun pleading under Rules 8 and 10 of the Federal Rules of Civil Procedure, noting that "the few facts alleged . . . do not state a claim on which relief can be granted." (Doc. 4 at 2, 3–4.) The Court further found that "The Lee County Transport Department" (the only named defendant) was not an entity subject to suit under section 1983. The Court told Castro that, "if he files an amended complaint, [he] must name the individuals actually responsible for denying his medical care." (*Id.* at 3.) The Court also explained that Castro's lack of factual development resulted in an inadequately pleaded medical deliberate indifference claim. (*Id.* at 4.)

Castro filed an amended complaint. (Doc. 5.) The amended complaint contains fewer factual allegations than his original pleading and once again names no individual defendant. Castro generally alleges that when he was picked up by Lee County Transport, he "got no insulin." (Doc. 5 at 4.) He said that he "did not get [his] insulin for 2 days" and his right hand, foot, and eye are not working due to a mild stroke. (*Id.* at 5.) He seeks damages because his hand, foot, and eye were "fine" when he arrived at the jail. (*Id.*)

## II. Discussion

Dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are governed by the same standard as those under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir.

2

1997). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, a complaint may not rest on "naked assertions[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678.[2] Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

As explained below, Castro has once again filed a complaint that does not state a claim on which relief may be granted.

### A. Castro has not named a defendant subject to suit under 42 U.S.C. § 1983.

In its first screening order, the Court told Castro that he "must name the **individuals** actually responsible for denying his medical care." (Doc. 4 at 3 (emphasis added).) Despite the instruction, Castro now names the Lee County Jail as the only defendant in his amended complaint. (Doc. 5 at 2–3.)

To state a viable § 1983 claim, the legal entity sued must be subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a governmental corporation to be sued in federal court is governed by the law of the state in which the district court is located. *Id.* at 1214; Fed. R. Civ. P. 17(b).

---

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and subsequent citations.

And Florida law does not recognize a jail facility as a legal entity separate and apart from the Sheriff charged with its operation and control. *See generally* Chapter 30, Florida Statues; *Monroe v. Jail*, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) ("The jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the County or the Sheriff's Office."); *Mellen v. Florida*, No. 3:13-cv-1233-J-34, 2014 WL 5093885, at *8 (M.D. Fla. Oct. 9, 2014) (recognizing that sheriff's offices and jail facilities are not amenable to suit under section 1983). Thus, the amended complaint is dismissed because it does not name a defendant subject to suit. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

Even if the Court liberally construes the complaint as naming the Lee County Sheriff, Castro does not provide a single factual allegation suggesting that the Sheriff was personally involved with his medical care or had a policy of denying medical care to inmates at the Lee County Jail. In short, Castro's factual allegations do not raise his right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

**B. Castro has filed a shotgun pleading.**

Castro has also filed another shotgun pleading. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Complaints that violate Rules 8(a)(2) and 10(b)—in letter or spirit—are often called "shotgun

4

pleadings." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four categories of shotgun pleadings, including complaints (such as this one) that are conclusory, vague, or "not obviously connected to any particular cause of action." *Id.* at 1322. Shotgun pleadings fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, Castro's complete omission of specific facts to support his claims violates Rules 8 and 10. Although courts must liberally construe a *pro se* complaint, neither the Court nor the defendants are required to read between the lines to create an actionable pleading on Castro's behalf. Nor will the Court speculate as to the appropriate defendants for Castro's deliberate indifference claim. *See Barmapov v. Amuial*, 986 F.3d 1321, 1328 (11th Cir. 2021) (Tjoflat, J., concurring) ("[D]istrict courts are flatly forbidden from scouring shotgun complaints to craft a potentially viable claim for a plaintiff.").

**C. Castro has not stated a deliberate indifference claim.**

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits government officials from exhibiting "deliberate indifference" to the serious medical needs of convicted prisoners. *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024).[3] To establish liability on an Eighth or Fourteenth

---

[3]Castro is a pretrial detainee. The Fourteenth Amendment's due process clause governs the treatment of pretrial detainees in custody. *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1572 (11th Cir. 1985). However, because the standards are identical, caselaw interpreting the Eighth Amendment also applies to Fourteenth Amendment deliberate indifference claims. *Christmas v. Nabors*, 76 F.4th 1320, 1331 (11th Cir. 2023).

Amendment deliberate-indifference claim, Castro must first show that "he suffered a deprivation that was, objectively, sufficiently serious." *Id.* at 1262. Next, he must demonstrate that the defendant acted with "subjective recklessness as used in the criminal law." *Id.* This means that Castro must establish "that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Id.*

Assuming that Castro's need for insulin is an objectively serious medical need, the vague and conclusory allegations in the complaint do not articulate how any individual was subjectively deliberately indifferent to the need. It is insufficient for Castro to summarily allege that he did not receive medical care. Instead, he must establish that a specific individual's response to his serious medical need was poor enough to constitute subjective recklessness as used in criminal law and not merely negligence. *Wade*, 106 F.4th at 1262. Castro alleges no facts to make this showing.

### III. Conclusion

Castro's amended complaint is dismissed as a shotgun pleading and because it does not state a claim on which relief may be granted. Generally, a district court should afford a pro se plaintiff an opportunity to amend his complaint "unless the plaintiff expresses a desire not to amend or an amendment would be futile." *Watkins v. Hudson*, 560 F. App'x 908, 911 (11th Cir. 2014). However, Castro had a chance to amend his complaint and ignored detailed instructions on how to correct the pleading's deficiencies. And considering that he did not follow the earlier directives, "[t]here is no indication

6

that, given a third bite at the apple, [Castro] would correct the numerous deficiencies in his complaint." *Cornelius v. Bank of America, NA*, 585 F. App'x 996, 1000 (11th Cir. 2014). Therefore, the Court will not order a second amended complaint.

Accordingly, it is **ORDERED**:

1. This case is **DISMISSED without prejudice** because Castro has not stated a claim on which relief may be granted.

2. The **Clerk** is **DIRECTED** to terminate any pending motions, close this case, and enter judgment accordingly.

**ENTERED** in Fort Myers, Florida November 25, 2025.

Kyle C. Dudek
United States District Judge

7